Dear Sheriff Webre,
Your request for an opinion of this office has been forwarded to the undersigned for research and reply. As I understand it, your question is as follows:
Whether a public entity, i.e., district attorney, sheriff, public school system, can acknowledge possession of a record on a juvenile?
Juvenile records are governed under La.Ch. C. Art. 412. The general rule is that all juvenile records are confidential and shall not be disclosed. Exceptions are listed in art. 412. Absent a listed exception in art. 412, acknowledgement of a record is prohibited.
Art. 412(E) states,
Reports and records concerning matters or proceedings under the juvenile jurisdiction of the court may also be released to any peace officer, probation officer, district attorney, or employee of the office of community services or office of juvenile services, in connection with the performance of his duties.
This article allows dissemination of records to other law enforcement agencies.
Art. 412(F) states,
For good cause, the court may also order disclosure of records and reports of the court, probation officer and law enforcement agencies to:
A child, who has been the subject of any juvenile court proceeding, except an adoption, after he has reached majority, or to his representative.
Any person, agency, institution, or other court upon a particular showing that the information is relevant to a specific investigation or proceeding.
Under Art. 412(F)(2), the court allowed the information to be released from a juvenile record in State v. Washington, where it was needed to derive a witness list for a civil action. Washington, 706 So.2d 203
(La.App. 2 Cir. 1998).
Also see, Attorney General Opinion No. 94-340 and No. 93-106 for additional information.
The remaining issue is whether schools may acknowledge records of juveniles to law enforcement agencies concerning a student.
Students maintain their constitutional rights, including the right to privacy, in respect to school records. Under 20 U.S.C. § 1232g, a student is protected from unreasonable intrusions into his or her confidential records. This provision prohibits all educational institutions that receive federal funds from releasing any protected information about a student. Student records that are personally identifiable with a student are confidential to a student and his parents and are therefore excluded from the Public Records Act and are not subject to public inspection or release without consent and authorization of affected parties.
See, Attorney General Opinion Nos. 02-0040, 00-64, 92-584, and 76-1896.
Thus, consistent with prior opinions from this office, law enforcement agencies may acknowledge juvenile records to each other if connected with the performance of his duty. But, a school may not acknowledge a juvenile discipline record without prior consent and authorization from the affected parties.
I hope this opinion has satisfactorily answered your questions. Please call us should you require any further assistance. With warmest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________ Toby Aguillard Assistant Attorney General
DATE RELEASED: January 30, 2003
OPINION NUMBER 92-584
RELEASED FEBRUARY 17, 1993
15-A — CONSTITUTIONAL LAW 94 — SCHOOLS SCHOOL DISTRICTS — (Administration, Government Officers) 100 — SCHOOLS SCHOOL DISTRICTS — (Teachers, Principals 
Superintendents, Sabbatical Leave, Extracurricular Activities, Students) 20 U.S.C. § 1232q, U.S.C. AM 14
Ms. Lottie Polozola Beebe Member District 5 St. Landry Parish School Board H.C. 67 Box 478 Palmetto, Louisiana 70570
Dear Ms. Beebe:
You have requested an opinion of this office concerning a situation involving the St. Landry Parish School Board in which you expressed concerns of possible constitutional and ethical violations by that Board or some of its members.
The facts relevant to your inquiries, as related to us in your letter of August 17, 1992, concern the consideration by the School Board of grade change allegations against a principal within the School Board's jurisdiction. As it appears from your letter, a St. Landry Parish School Board member obtained the records of a student who allegedly received a grade "altered" by the principal at issue. These records were delivered to the Louisiana Department of Education. Upon hearing that the records were given to the Department, Mr. Raymond Fontenot, St. Landry Parish Superintendent of Schools, was notified and thereafter ordered an internal investigation of the alleged grade changes. A committee was formed to review this matter. One of the members of the review committee was a teacher who is related by marriage to a School Board member. After an investigation by the review committee, the School Board decided to vote on the termination of the principal and the School Board member related to the member of the review committee did not recuse himself from voting on the issue. From these facts, your concerns as to the following issues have arisen:
 (1) Were the student's records which were delivered to the Department of Education, to prove allegations of grade alteration, done so in a manner which was in violation of that student's constitutional right to privacy?
 (2) Was there an ethical violation in allowing a School Board member, who is related to a member of the review committee, to vote on the allegations against the accused principal which resulted in his termination?
First, the United States Supreme Court has ruled that upon entering a public school a student does not lose his or her constitutional rights, including the right to privacy. This right protects the student from unreasonable intrusions into his or her confidential records. However, this right is not absolute. It may be waived by the student's parents. Further, in certain circumstances the State may have access to these records where it is found that there is an interest which outweighs the student's privacy rights.
The right to privacy as it concerns educational records is codified at 20 U.S.C. § 1232g. This statute includes certain exceptions in which school system personnel may have access to student's records without parental consent.
Adoption of local policies concerning access to student records consistent with this constitutional privacy right and20 U.S.C. § 1232g is authorized by the State Board of Elementary and Secondary Education. See, Bulletin 741 — MAINTENANCE AND USE OF SYSTEM RECORDS AND USE OF SYSTEM RECORDS AND REPORTS (1.025.00-1.025.05) St. Landry Parish School Board has adopted such a policy. According to the Board's policy a student's records are available to "school personnel" within the school system for purposes of "working toward either the affective or cognitive goals of the system." School personnel is defined as "any person or persons under contract to the system . . ." Further, under this same policy, where student records are released outside of the school system to the State Department of Education the student's name and all identifying marks must be removed first.
It is the opinion of this office that the release of a student's records to a School Board member is not authorized by this policy because a School Board member is not under contract and therefore is not school personnel as defined by that policy.
Further, according to the Board's policy, data released to the Department of Education must be free of any identifying information. This rule should not be circumvented by releasing a student's records to a School Board member who intends to use them for the purpose of going to the Department. Under the facts of this case as you present them, it is our opinion that the student's parents should have been notified and consent given before these records were released.
In regard to your second inquiry concerning a possible ethical breach, it should be noted that it is not the duty of this office to rule on questions of ethical violations by governmental officials and any opinion by this office regarding such questions would not be considered definitive. If you require further review of this issue, the Board of Ethics for Elected Officials should be contacted.
In conclusion, it is the opinion of this office that under St. Landry Parish School Board's policy the release of a student's records to a School Board member for the purpose of delivering them to the Department of Education without first obtaining the consent of the student's parents is improper, and a violation of that student's right to privacy. Further, an opinion of the Board of Ethics for Elected Officials should be sought.
I hope that this sufficiently addresses your inquiries. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0223p
 *1 Opinion No. 76-1896 March 31, 1977
3-A ARCHITECTS 90-A-1 PUBLIC FUNDS PUBLIC CONTRACTS R.S. 38:2310 et seq.
The selection of an architect by the Louisiana Architects Selection Board is not tantamount to a contract.
Honorable Rodolfo J. Aguilar, Ph.D. Chairman Louisiana Architects Selection Board 5551 Corporate Boulevard, Suite 3-J
Baton Rouge, Louisiana 70808
Dear Mr. Aguilar:
Your letter to this office requesting an opinion concerning the selection of an architect by the Architects Selection Board has been referred to me for response.
Specifically, you ask whether the selection of an architect for a project by the Louisiana Architects Selection Board is tantamount to the architect being actually contracted for the project.
R.S. 38:2310 et seq. sets forth the procedures which are to be followed in order to select an architect or engineer who will perform professional services for the State of Louisiana or an agency of the State.
R.S. 38:2313 provides in pertinent part:
A. Each person who is to be retained or employed to perform professional services by an agency shall be selected by the boards from properly licensed architects, engineers, and landscape architects. Each of the boards shall consider those persons who make application for employment on any particular project. (Emphasis added.)
This selection process has the effect of making a determination for an agency which person it may contract with in order to receive professional services, however the selection by the board does not in and of itself create a contract.
It is therefore the opinion of this office that the selection of an architect by the Louisiana Architects Selection Board is not tantamount to the architect actually being contracted to perform professional services for the State or an agency of the State.
If we may be of any further assistance in this matter, please do not hesitate to contact us.
Very truly yours,
 William J. Guste, Jr. Attorney General
 By: Jay H. Kern Staff Attorney
La. Atty. Gen. Op. No. 76-1896, 1977 WL 39332 (La.A.G.)
OPINION NUMBER 00-64
March 29, 2000
 SYLLABUS OPINION NO. 00-64
94 — SCHOOLS AND SCHOOL DISTRICTS — ADMINISTRATION, GOVERNMENT Mr. John Diasselliss AND OFFICERS Assistant District Attorney Fortieth Judicial District 20 U.S.C. § 1232g LSA-R.S. 17:1237
Parish of St. John the Baptist LSA-R.S. 17:81K LSA-R.S. 17:1238
P.O. Box 99 LSA-R.S. 81K(1) LSA-R.S. 4: et seq. Edgard, LA 70049 LSA-R.S. 17:100.4 LSA-R.S. 17:391.5
 1) In response to question one, LSA-R.S. 17:81K(1) provides that any parish school board member does have the right to examine any and all records of the school system, except school employee records relative to evaluations, observations, formal complaints and grievances.
 a) The federal legislation and the Louisiana Attorney General opinions cited above, applies to the Public Records Act found in LSA-R.S. 44:1 et seq. It does not apply to LSA-R.S. 17:81K(1). Therefore, a school board member shall have the right to examine student records, special education records, health records and other confidential records.
 b) It would appear that the records of any disciplinary action taken pursuant to a formal complaint would also be included in exception in 17:81K1). However, please note that 17:81K(2) provides that ". . . any city or parish school board, upon a majority vote of the authorized board membership shall have the right to examine any or all records of the school system." This means that if the school board has a majority vote of the authorized board membership to examine these documents, they are permitted by law to do so.
 c) Please refer to your local school board policy for the definition of a grievance and the requirements regarding the grievance procedure.
 d) The requirement of having a written policy refers to "any other person" who shall have the right to examine any or all records of the school system relative to the exceptions.
 2) See response to 1(b). In regards to employee records a school board by majority vote shall have the right to examine all records of the school system.
 3) It does not appear that the intent of LSA-R.S. 17:81K is to allow school board members access to the public record law without the need of making a formal request.
Dear Mr. Diasselliss:
I am in receipt of your request for a clarification of Opinion No. 99-382 concerning the following:
 1. Does LSA-R.S. 17:81K(1) provide that any parish school board member have the right to examine any and all records of the school system, except school employees records relative to evaluations, observations, formal complaints and grievances.
 (a) What about student records, special education records, health records and other confidential records?
 (b) Does the exception of formal complaints limit access to discipline actions arising from formal complaints?
 (c) What is a formal complaint? A written complaint to a principal or superintendent?
 (d) 17:81K(1)(2) requires a vote of the majority of the parish school board, therefore, does the requirement "authorized pursuant to a written policy" of a parish school board apply to a parish school board members right to examine the school system records under 14:81K(1)?
 2. Does LSA-R.S. 17:81K(1)(2) all a school board by a majority vote to allow themselves to have the right to examine all records of the school system including all employee records, student records, special education records, health records and other confidential records? (Sic)
 3. Could the intent of 17:81K(1) be to allow school board members access to the public records of the law without the need of making a formal request?
LSA-R.S. 17:81(K)(1) provides the following concerning the general powers of a city and parish school board:
 K. (1) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board member and any other person authorized pursuant to written policy of a city or parish school board shall have the right to examine any or all records of the school system except school employee records relative to evaluations, observations, formal complaints, and grievances.
 (2) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board, upon a majority vote of the authorized board membership, shall have the right to examine any or all records of the school system.
 (3) Should an employee's personnel file be accessed by the city or parish school board, the employee whose file was so accessed shall receive written notice of such action, and the individual city or parish school board members shall maintain the confidentiality of any documents in the file so examined.
In Attorney General Opinion No. 99-382, our office concluded the following:
 Therefore, it is no longer the opinion of our office that school board members are to be excluded from access to the personnel files of school employees. Attorney General Opinion No. 90-193 is withdrawn only in respect to excluding school board members from access to the personnel files of school employees.
 In answer to your first question, provided LSA-R.S. 17:81 is complied with, a school board member can access an employee's personnel file to review the file to see if any disciplinary action has been taken against an employee and if so, what action was taken. In response to your second question, provided LSA-R.S. 17:81 is complied with, a superintendent can verbally advise a school board member of disciplinary action taken against an employee.
In response to question 1, LSA-R.S. 17:81K(1) does provide that any parish school board member does have the right to examine any and all records of the school system, except school employee records relative to evaluations, observations, formal complaints and grievances.
In (a), you inquire about student records, special education records, health records and other confidential records. Section K(1) states:
 . . . any city or parish school board member shall have the right to examine any or all records of the school system except school employee records relative to. . .
As discussed in Attorney General Opinion No. 93-285,
 . . . it should be noted that under Federal law the confidentiality of student records is protected by 20 U.S.C. § 1232g. This provision prohibits all educational institutions who receive federal funds from releasing any protected information about a student. Information which is `directory information' may be released without losing federal funds.
The names and addresses of students in public schools are public records, which a citizen could request and receive. (See Attorney General Opinion No. 91-73).
Student records that are personally identifiable with a student are confidential to a student and his parents and are therefore excluded form the Public Records Act and are not subject to public inspection or release without consent and authorization of affected parties. (See Attorney General Opinion No. 76-186).
The federal legislation and the Louisiana Attorney General opinions cited above, applies to the Public Records Act found in LSA-R.S. 44:1 et seq. It does not apply to LSA-R.S. 17:81K(1). Therefore, a school board member shall have the right to examine student records, special education records, health records and other confidential records.
In Section (b) you ask whether the exception of "formal complaints" limits access to disciplinary action arising from formal complaints. The language in the exception in K(1) specifies ". . . employee records relative to evaluations, observations, formal complaint and grievances." It would appear that the records of any disciplinary action taken pursuant to a formal complaint would also be included in exception in17:81(K)(1). However, please note that 17:81(K)(2) provides that ". . . any city or parish school board, upon a majority vote of the authorized board membership, shall have the right to examine any or all records of the school system." This means that if the school board has a majority vote of the authorized board membership to examine these documents, they are permitted by law to do so.
This response is consistent with Attorney General Opinion No. 99-382.
In Section (c) you ask what a formal complaint is. You ask whether it is a written complaint to a principal or superintendent. Although the Louisiana Revised Statutes does not define a "formal complaint", it does discuss grievance procedures for teachers and other school employees in LSA-R.S. 17:100.4.
Section A(1) states the following:
 Each city and parish school board shall adopt rules, regulations, and policies necessary to establish a grievance procedure that shall guarantee a fair hearing on grievances by any teacher or group of teachers or other school employee or group of employees employed by such school board. However, prior to the adoption of the rules, regulations, and policies, each school board shall consult with the various professional organizations that represent the teachers or other school employees in that school system regarding the grievance procedure.
Please refer to your local school board policy for the definition of a formal complaint and a grievance and the requirements regarding both.
In Section (d), it appears that you are inquiring whether a majority vote of the parish school board is required pursuant to a written policy to examine the school system records under LSA-R.S.14:81K(1). The requirement of having a written policy refers to "any other person" who shall have the right to examine any or all records of the school system relative to the exceptions.
In question two, you ask whether a school board by majority vote shall have the right to examine all records of the school system including all employee records, student records, special education records, health records and other confidential records. As discussed in question 1(a), in light of federal legislation and the Louisiana Attorney General opinions cited above, LSA-R.S.17:81K(1) does not apply to student records, special education records, health records or other confidential records that are personally identifiable. In regards to employee records, a school board by majority vote shall have the right to examine all records of the school system.
In question three, you seek a response as to whether the intent of LSA-R.S. 17:81K is to allow school board members access to the public record of the school system allowed by the Public Records Law without the need of making a formal request.
As discussed in Attorney General Opinion 90-193,
 . . . school employee personnel files are public records under La. R.S. 44:1 et seq. They are, however, subject to the exemptions contained in that act and other exceptions provided by law. We also note that La. R.S. 17:1238
provides that nothing in the School Employee File Act shall be construed to supersede the Public Records Act, La. 44.1 et seq.
LSA-R.S. 17:1237 entitled "Access to files" located in the section concerning school employees personnel files reads in pertinent part as follows:
 A. No school employee shall be denied access to his personnel file. The contents of a school employee's personnel file shall not be divulged to third parties absent the express written consent of the school employee, except when ordered by a court or by subpoena, and no school system employee other than the personnel file custodian or the superintendent of schools for the system, or the designee of either, who shall be a school system employee shall be allowed access to a school employee's personnel file without the school employee's express written consent, unless that employee is charged with the duty of supervising that particular school employee's performance. In the case that a personnel file should be accessed by the superintendent or someone designated by him, the employee whose file was so accessed shall receive written notice of he fact and the name and title of the person who was permitted access. All persons permitted access under this Section shall maintain the confidentiality of those documents in the file which are not matters of public record.
In Opinion No. 90-193, "The Act" refers to LSA-R.S. 17:1237. In that opinion our office concluded the following:
1. The (Act) does not make the personnel files non-public. A personnel file is public record except for those exemptions set out in La. R.S. 44:11 and the personnel evaluations and assessments made non-public by La. R.S. 17:391.5. The Act limits access to the files to the situations covered by La. R.S. 17:1237.
2. The (Act) limits access to the files to situations where the employee has consented in writing and the other exceptions. Board members are "third parties" under the (Act) an their access is limited as above. Board members formerly had access to non-public items covered by La. R.S. 17:391.5. Those items are still non-public and Board members access is limited to the situations covered by R.S. 17:1237. In any case, where the personnel file is accessed, the employee shall receive written notice.
3. Access to a school employees's file is limited to those documents requested and as conditioned above.
As discussed above and in Attorney General Opinion No. 99-382, it is no longer the opinion of our office that school board members are to be excluded from access to the personnel files of school employees. In Opinion No. 99-382, Attorney General Opinion No. 90-193 is withdrawn only in respect to excluding board members from access to the personnel files of school employees.
Therefore, in answer to question three, it does not appear that the intent of LSA-R.S. 17:81K is to allow school board members access to the public record law without the need of making a formal request.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
OPINION NUMBER 02-0040
March 28, 2002
15-A Constitutional Law
Student's right to privacy and the release of student records in West Carroll Parish.
Mr. David P. Doughty Assistant District Attorney Civil Division P. O. Box 857 Rayville, LA 71269
Dear Mr. Doughty:
This office is in receipt of your request for an opinion of the Attorney General regarding the inspection of school board records.
LSA-R.S. 44:1(A) defines public records as:
 All records, writings, accounts, letters and letter books, maps, drawings, memoranda and papers, and all copies or duplicates thereof, and all photographs or other similar reproductions of the same, having been used, being in use, or prepared for use in the conduct, transaction or performance of any business, transaction, work, duty or function which was conducted, transacted or performed by or under the authority of the Constitution or the laws of this state, or the ordinances or mandates or orders of any municipal or parish government or officer of any board or commission or office established or set up by the Constitution or the laws of this state, or concerning or relating to the receipt or payment of any money received or paid by or under the authority of the Constitution or the laws of this state are public records, subject to the provisions of this Chapter except as hereinafter provided.
In Attorney General Opinion 89-602 this office observed a parish superintendent is required under R.S. 17:415 to "make and keep such school records as shall be prescribed by the state superintendent of education." It was noted that except for confidential records, all records maintained by the parish superintendent are public records and subject to public inspection. Accordingly, it was concluded that "the parish superintendent must share with the public all information maintained by him or by the parish school board, and not explicitly declared by law to be confidential, since this is a government entity making decisions which affects the public at large."
The Supreme Court has ruled that students maintain their constitutional rights, including the right to privacy, in respect to school records.U.S. v. Miami University, S.D. Ohio 2000, 91 F. Supp.2d 1132. Falvo v.Owasso Independent School Dist., No. 1-011, C.A. 10 (Okla) 2000, 233F.3d 1203. This right protects the student from unreasonable intrusions into his or her confidential records. The confidentiality of student records is protected by 20 U.S.C. § 1232g. This provision prohibits all educational institutions that receive federal funds from releasing any protected information about a student. (See Attorney General Opinion 92-584.) Student records that are personally identifiable with a student are confidential to a student and his parents and are therefore excluded from the Public Records Act and are not subject to public inspection or release without consent and authorization of affected parties. (See Attorney General Opinions 76-186 and 00-64.)
In response to your inquiry as to the handling of old (early 1900s) school records, LSA-R.S. 44:410 mandates the director of the state's archives and records service to set forth policies and provisions for the management of records by state and local governmental agencies.
LSA-R.S. 44:36 provides that all persons having custody or control of any public record shall preserve them for at least three years from the date on which the public record was made unless a formal retention schedule has been executed to provide otherwise. However, as referenced in Attorney General Opinion 92-307:
 We do not believe the requirement that public records must be maintained for three years would preclude a requirement by the State Board of Elementary and Secondary Education from requiring the record of a student's name, address, grades, attendance record, classes attended and year completed be maintained for a longer period of time or indefinitely.
Therefore, the manner in which the records are to be handled and the length of time the records are to be maintained will be determined by the state superintendent of education and/or the director of state archives.
Student records that are personally identifiable with a student are confidential to a student and his parents and are therefore excluded from the Public Records Act, and are not subject to public inspection or release without the consent and authorization of the affected parties.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW:dsc